<hr />

## John B. Ellison's Estate. Elizabeth M. Richards's Appeal.

*Executors, etc.—Citation to account—Laches—Demurrer.*

A petition for a citation against executors to account for profits earned by them in their business by the use of the moneys of the estate, cannot be dismissed on demurrer, on the ground of petitioner's laches, where the petitioner avers that, at the audit of the executor's account, eleven years before the filing of the petition, she was represented by her trustee, one of the executors, that he fraudulently concealed the facts relating to

the settlement of the estate, that she was thereby prevented from properly. protecting her interest, and from attending the audit, and that she had no knowledge of the fraudulent acts until within a short time of the filing of the petition.

Argued Jan. 12, 1894.   Appeal, No. 109, July T., 1893, from decree of O. C. Phila. Co., April T., 1881, No. 230, sustaining demurrer to petition for citation.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Petition for citation.

The petition of appellant, filed April 3, 1893, averred:

" John B. Ellison died in the city of Philadelphia on March 7, 1865, leaving a last will bearing date May 30, 1864, a copy of which is hereunto attached.   Letters testamentary upon the estate were duly granted by the register of wills of Philadelphia county to Rodman B. Ellison and William P. Ellison.

" The said executors· entered upon their duties and continued to act as executors and trustees under the provisions of the said will until the filing of their account.

" By the terms of the said will no distribution was to be made of the principal of the estate until the death of the wife of the said John B. Ellison, which occurred July 14, 1880.

" On the death of the said wife of John B. Ellison, the said executors filed their account in the orphans' court, which was adjudicated Jan. 13, 1882.

" By the terms of the said will, on the death of the said wife of John B. Ellison, the estate was to be divided into four shares, one share to each of the four children of the decedent, of whom your petitioner was one; but the shares of your petitioner and her sister, Margaret Ellis, were, after the said distribution, to be held in trust by trustees to be selected by them respectively.

" The said Margaret Ellis selected Ellis D. Williams, Esq., as her trustee, and your petitioner selected, at the special instance and request of her brother, Rodman B. Ellison (the executor of the will), her brother William P. Ellison to act as the trustee for your petitioner.

" At the audit of the account of the said executors, your petitioner was not present, but was represented by her trustee and brother, William P. Ellison, who was also one of the executors of the said will.

" When the said account came up for audit, as your petitioner has been informed for the first time, in January, 1893, Ellis D. Williams, Esq., trustee for Mrs. Ellis, discovered that the moneys of the estate of John B. Ellison had been used by the executors in their business during the period from 1865 (the time of the death of the decedent) to the time of the filing of their account. The said Ellis D. Williams, Esq., called this to the attention of the executors, and was about to proceed to make the executors account for the profits earned by the said money, and which were properly due to the estate, when the said executors, and particularly William P. Ellison, induced their said sister, Margaret Ellis, to instruct her said trustee to desist from attempting to so surcharge them, and at the same time pledged the said Margaret Ellis not to communicate the facts to your petitioner.

" Your petitioner further avers that the said executors were, at the time they were acting as executors until the filing of their account, engaged in commercial business in the city of Philadelphia under the firm name of John B. Ellison & Sons. During that time they used the money of the estate of the said John B. Ellison in the said business, and at the risk of the said business.

" Your petitioner further avers that during the time aforesaid large profits were made by the said executors in the business aforesaid, and that the said estate by reason thereof was entitled to share in the profits of the said business during the years aforesaid.

" The said executors were permitted, at the said audit (in violation of law), with the consent of the parties present, to testify to certain alleged facts relating to the purchase of the business of the said John B. Ellison by the said executors in his lifetime. Your petitioner never consented to such testimony being admitted, personally, nor did she ever authorize William P. Ellison, one of the said executors, her trustee, who represented her throughout the proceedings, either so to testify or to permit his coexecutor to testify; nor had she any knowledge that they had so testified until January, 1893.

" By the testimony aforesaid, the executors were enabled to show a state of facts which tended to relieve them from a surcharge of many thousands of dollars, as your petitioner be-

lieves and expects to be able to prove to the satisfaction of your honorable court.

" No explanation of any kind was given to your petitioner by the said William P. Ellison, her trustee, or by either of the said executors, her said brothers, as to the acts being done in the settlement or adjudication of the said estate, but your said petitioner was, by the willful concealment of the facts from her by the said William P. Ellison, her trustee and brother, defrauded of a large portion of her share of the said estate. That both of the said executors profited thereby to the extent of many thousands of dollars in fraud of the rights of your petitioner, as your petitioner believes and expects to be able to prove.

" Your petitioner further avers that she was, by the fraudulent acts of the said William P. Ellison and Rodman B. Ellison, executors as aforesaid, prevented from properly protecting her interest in the said estate at the audit of the account of the said executors, and was prevented by them from attending the said audit.  By reason of their relation to her as the executors of her father's will, and as her brothers, and (in respect to the said William P. Ellison) as her trustee, they sustained such a relation of confidence to your petitioner that they were bound to disclose to her the facts hereinabove recited; and by failing to do so they have procured a decree of the court in fraud of the rights of your petitioner.

" The said William P. Ellison has, from the date of the said adjudication until the present time, acted as the trustee of your petitioner of the funds received by him from the executors of said estate, and your petitioner was first informed of the facts relating to the settlement of the said estate, as herein recited, since the 1st of January, 1893.  The said William P. Ellison, having notified your petitioner that he was about to resign the trust, your petitioner placed the matter in the hands of counsel, and thereupon, on information disclosed by the sister of your petitioner and by Ellis D. Williams, the trustee of her said sister, for the first time discovered the facts hereinabove recited.  These facts were brought to the attention of your petitioner by a copy of a letter written by Ellis D. Williams, Esq., to William P. Ellison, bearing date on the 9th day of January, 1893."  [Here follows copy of letter.]

"In conclusion, your petitioner avers that she was at the time of the adjudication aforesaid a married woman, and has been under coverture from that time until the present.

"Your petitioner therefore prays that a citation may issue to Rodman B. Ellison and William P. Ellison and to Margaret Ellis and Ellis D. Williams, trustee for Margaret Ellis (being all the parties in interest) to appear and show cause: (1) Why the adjudication of the accounts of Rodman B. Ellison and William P. Ellison as executors of the will of John B. Ellison, deceased, should not be reopened and a rehearing granted, and the said Rodman B. Ellison and William P. Ellison be surcharged with the profits earned by the moneys of the estate by their use in business of the said Rodman B. Ellison and William P. Ellison from 1865 until 1882. (2) To show cause why the record of the said orphans' court should not be amended by striking therefrom the adjudication so fraudulently procured to be entered upon the account of the said executors as hereinbefore set forth. (3) Why the said Rodman B. Ellison and William P. Ellison should not state an account of the profits earned by the said moneys of the estate by their use in the business aforesaid, and make payment of the proper portion thereof to your petitioner. (4) And your petitioner prays such other and further relief in the premises as to the court shall seem meet or the cause may require."

Respondents demurred on the ground that the petition stated no facts sufficient to justify the court in setting aside the adjudication made Jan. 13, 1882. Petition dismissed in opinion by ASHMAN, J., 2 Dist. R. 521. Petitioner appealed.

*Errors assigned* were (1) in not requiring the executors to account; (2) in not holding that petitioner is entitled to a review by reason of the fraud in procuring the adjudication; (3) in finding as quoted in opinion of Supreme Court; (4) in holding that petitioner's rights were lost by laches; (5) in entering decree.

*William W. Porter* and *John G. Johnson, Frederick J. Geiger* with them, for appellant.—The court below erred in not requiring the executors to account for the profits made by the use of the funds of the estate in their private business: Norris's Ap., 71 Pa. 106; Robinett's Ap., 36 Pa. 174.

The court below erred in not holding that the petitioner is entitled to a review, on the ground of the fraud practiced by the executors in procuring the adjudication confirmed in January, 1882 : Kuhn's Ap., 87 Pa. 100 ; Johnson v. Humphreys, 14 S. & R. 394 ; Barton v. Dickens, 48 Pa. 518 ; Lyon v. Marclay, 1 Watts,. 275 ; Finney v. Cochran, 1 W. & S. 118 ; Walker v. Walker, 16 S. & R. 384 ; Hill on Trustees, 264 ; Zacharias v. Zacharias, 23 Pa. 455 ; McLellan's Ap., 76 Pa. 231 ; ·Shindel's Ap., 57 Pa. 43.

The court below erred in finding that the filing of the account and its audit and settlement were fully known at the time by the petitioner, and her acquiescence in the proceedings continued unbroken for all that appears upon the record down to April 3, 1893, when she presented this petition for review.·

*William C. Hannis*, for appellees.—The decree was conclusive not only as to all matters raised, but what might have been raised under it : Helfenstein's Est., 135 Pa. 293.

The petition in this case utterly fails to show that appellant could not by due diligence have obtained in 1882 the information she says she only acquired in January, 1893.  She likewise fails to show that if the decree were set aside the result would probably be different : Williams v. Kerr, 152 Pa. 560 ; Bauer's Est., 30 W. N. 429 ; Milligan's Ap., 82 Pa. 389 ; Scott's Ap., 112 Pa. 427.

The following cases illustrate the doctrine that laches will bar a right to an account: Gress's Ap., 14 Pa. 463 ; Maulfair's Ap., 110 Pa. 402 ; Fidelity Co.'s Ap., 115 Pa. 157.   Laches for six years, or under certain circumstances for a less period, will bar an effort to charge a purchaser with a constructive trust: Ashhurst's Ap., 60 Pa. 290 ; Evans's Ap., 81 Pa. 278 ; Kuhns's Ap., 87 Pa. 100.

The mere omission of the accountant to charge himself with money received by him, and for which he was liable, cannot be corrected on petition for review after the lapse of five years: Weiting v. Nissley, 6 Pa. 141.

The fraud and concealment necessary to take a case out of the statute must be positive and actual, not constructive, fraud : Cole v. McGlathry, 9 Greenleaf, 131 ; Farnam v. Brooks, 9 Pick. 212.

The mere allegation or even proof that the fraud was not discovered is not enough, if the means of discovery existed, or by ordinary care and diligence it could have been discovered: Farnam v. Brooks, 9 Pick. 212; Blanchard on Lim. 81; Bank v. Forster, 8 Watts, 12.

Therefore the principle correctly stated is, that the statute of limitations does not begin to run in cases of actual fraud until such time as the fraud could, by the exercise of ordinary diligence, have been discovered.

An interested party is competent to prove facts existing after the death of decedent, even though such evidence may tend to prove that the same facts existed prior to the death: Stephens v. Cotterell, 99 Pa. 188; Rothrock v. Gallagher, 91 Pa. 108.

Milligan's Appeal, 82 Pa. 389, is somewhat like this case, but a much stronger one for the relief sought, as the petition was brought within five years after the confirmation of the guardian's account. In that case the principal ground for the review was, because her guardian on a partition of real estate elected for her to take owelty, while the guardian's wife took land, which land afterwards turned out to be very valuable coal land. The court dismissed the petition.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 1, 1894:

The facts upon which appellant's prayers for a citation and relief are grounded are fully set forth in her petition and need not be repeated.

It is stated in the opinion of the court below, that the plea and answer filed by appellees were withdrawn by agreement, and the general demurrer, on which the case was heard and disposed of, was substituted. As the learned judge correctly says: "The facts set out in the petition, being thus accepted as verities, raise the single point whether they place the petitioner in a position to demand relief;" and then, for the purpose of argument, he assumes "that the money of the testator was used by the executors for their own profit after his death; that the respondents concealed from the petitioner the circumstance that an effort to charge the executors, of whom one was her trustee, had been abandoned at the earnest solicitation of accountants, and that by agreement of the respondents, testimony which, without the consent of all parties, was incompe-

VOL. CLXIII—21

tent, had been introduced at the audit, that resulted in finding that the testator, in his lifetime, had sold out his business interests to his executors and had loaned them $100,000 of the purchase money."

After considering the questions involved, the learned court held, in substance, that by reason of her laches and acquiescence petitioner was not entitled to relief in any form, and her petition was accordingly dismissed.

The subject of complaint in the third specification is in finding, as therein recited, that "the filing of the account and its audit and settlement were fully known at the time by the petitioner, and her acquiescence in the proceedings continued unbroken, for all that appears upon the record, down to April 3, 1893, when she presented this petition for review." This, as well as the holding complained of in the fourth specification, appears to have been unwarranted. They are both in conflict with averments contained in several paragraphs of the petition. In one of them, after stating that the executors were permitted (contrary to law) to testify, at the audit, to certain alleged facts relating to the purchase of testator's business in his lifetime, that she never consented, nor authorized any one to consent for her, to the admission of said testimony, etc., appellant avers she had no "knowledge that they (the executors) had so testified until January, 1893." Again, referring to the same subject, she avers, "your petitioner was first informed of the facts relating to the settlement of said estate, as herein recited, since the first of January, 1893." In another paragraph, she avers that, "no explanation of any kind was given to your petitioner by the said William P. Ellison, her trustee and brother, or by either of said executors (her said brothers) as to the acts being done in the settlement or adjudication of the said estate, but your petitioner was by the willful concealment of the facts from her by the said William P. Ellison, her trustee and brother, defrauded of a large portion of her share of said estate," etc. In the next paragraph she avers that by the fraudulent acts of said executors she was "prevented from properly protecting her interests in said estate at the audit of the account of the said executors, and was prevented by them from attending the said audit."

We have considered the averments embodied in the petition,

1894.]                           Opinion of the Court.

and giving to them that weight, as evidence, which they are entitled to under the pleadings, we are of opinion that, upon the case as presented, the appellant is entitled to relief. The assignments of error are sustained.

Decree reversed with costs to be paid by the appellees, and record remitted for further proceedings, including leave to the appellees to answer, etc.